1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CARLOS HENDON,

11          Plaintiff,                    No. CIV S-05-1063 DFL PAN P

12          vs.

13   ROGEL, et al.,                       ORDER AND

14          Defendants.                   FINDINGS & RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

24   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments shall be collected

1

1 | and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

2 | plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3 |    The court is required to screen complaints brought by prisoners seeking relief

4 | against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5 | § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6 | claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7 | granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8 | U.S.C. § 1915A(b)(1),(2).

9 |    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10 | Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11 | (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12 | indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13 | 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14 | pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15 | Cir. 1989); Franklin, 745 F.2d at 1227.

16 |    A complaint, or portion thereof, should only be dismissed for failure to state a

17 | claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

18 | of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

19 | Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

20 | v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

21 | complaint under this standard, the court must accept as true the allegations of the complaint in

22 | question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

23 | pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

24 | Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

25 |    Plaintiff filed this action on May 26, 2005.  On June 3, 2005 he filed an amended

26 | complaint, and on June 15, 2005, he filed a second amended complaint.  All three pleadings arise

1   from the same events involving an alleged deprivation of personal property that plaintiff suffered

2   following his temporary transfer from California State Prison-Sacramento to a hospital.

3          The United States Supreme Court has held that "an unauthorized intentional

4   deprivation of property by a state employee does not constitute a violation of the procedural

5   requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful

6   postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).

7   Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional

8   deprivations constitute actionable violations of the Due Process Clause.  An authorized

9   deprivation is one carried out pursuant to established state procedures, regulations, or statutes.

10  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of

11  Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

12         In the instant case, plaintiff has specifically alleged that the deprivation of his

13  property was not authorized by any applicable prison regulation.  The California Legislature has

14  provided a remedy for tort claims against public officials in the California Government Code,

15  §§ 900, et seq.  Since plaintiff has not attempted to seek redress in the state system, he cannot sue

16  in federal court on the claim that the state deprived him of property without due process of the

17  law.  The court concludes that this claim must, therefore, be dismissed for failure to state a claim

18  on which relief may be granted.  See 28 U.S.C. § 1915A.

19         In accordance with the above, IT IS HEREBY ORDERED that:

20         1.  Plaintiff's request for leave to proceed in forma pauperis is granted;

21         2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

22  The fee shall be collected and paid in accordance with this court's order to the Director of the

23  California Department of Corrections and Rehabilitation filed concurrently herewith; and

24         IT IS HEREBY RECOMMENDED that this action be dismissed for failure to

25  state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A.

26  /////

3

1    　　　These findings and recommendations are submitted to the United States District

2    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

3    days after being served with these findings and recommendations, plaintiff may file written

4    objections with the court.  The document should be captioned "Objections to Magistrate Judge's

5    Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

6    specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

7    F.2d 1153 (9th Cir. 1991).

8    DATED:  March 16, 2006.

9

10

11   UNITED STATES MAGISTRATE JUDGE

12

13

14   12
     hend1063.56

15

16

17

18

19

20

21

22

23

24

25

26